IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FONTEZ LAMONT COMBS,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | Case No. 19-CV-00960-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Fontez Lamont Combs ("Combs") (Doc. 1). He requests an evidentiary hearing on the validity of his claim that counsel failed to file the requested notice of appeal. For the reasons set forth below, the Court denies in part and grants in part the requested relief.

## FACTUAL & PROCEDURAL BACKGROUND

In June 2017, a federal jury indicted Combs with conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. 846, 841(a)(1) and 841(b)(1)(A) (Doc. 1 of SDIL Case No. 17-CR-30114-NJR) (hereafter referred to as "CR Doc.").

In April 2018, Combs pleaded guilty before a magistrate judge pursuant to a written plea agreement (CR Doc. 92-94). After examining and determining Combs knowingly and voluntarily entered into the plea agreement, the magistrate judge issued a report and recommendation urging acceptance of the guilty plea and

adjudication of guilt (CR Doc. 90-95). In April 2018, the District Judge adopted the report and recommendation in its entirety, accepting the guilty plea, and adjudicating a guilty conviction to the offense (CR Doc. 105). On October 18, 2018, the Court sentenced Combs to 264 months' imprisonment consistent with the parties' plea agreement and sentencing recommendation (CR Doc. 133). On September 3, 2019, Combs filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1). The motion is timely under 28 U.S.C. § 2255 (f)(1).[1]

In his motion, Combs raises three grounds for relief: (1) ineffective assistance of counsel for allowing the government's use of the Guidelines as a starting point for plea negotiations as though they were mandatory; (2) ineffective assistance of counsel for agreeing during negotiations to include a waiver of Combs' constitutional rights to appeal; and (3) ineffective assistance of counsel for failure to file a notice of appeal (Doc. 1).

In December 2020, the government filed its response to Combs' motion (Doc. 13) which included, as an exhibit, the affidavit of Combs' attorney Mark Byrne stating that Combs did not ask him to file an appeal (Doc. 13, 13-1). The government recommended an evidentiary hearing on the claim.

---

[1] Generally, § 2255 filings are subject to a one-year time limitation that tolls starting from the latest of multiple dates, one of which is, "[t]he date on which the judgement of conviction becomes final . . ." 28 U.S.C. § 2255(f). "For purposes of § 2255 motions, an unappealed federal judgement becomes final when the time for filing a direct appeal expires." *Edwards v. United States*, 2020 WL 1975077, at *3 (S.D. Ill., 2020) *citing Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam). The time to file a direct appeal expires fourteen days after the final judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i). Here sentencing occurred on October 18, 2018, and a judgment was entered on October 30, 2018. Combs' conviction became final fourteen days later on November 13, 2018. Combs timely filed this § 2255 motion less than a year later on September 3, 2019.

## COLLATERAL REVIEW UNDER 28 U.S.C. § 2255

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under § 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or a fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013); *Accord Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (§ 2255 relief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect that inherently resulted in a complete miscarriage of justice); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) ("relief under 28 U.S.C. § 2255 is reserved for extraordinary situations"). Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003), *cert. denied*, 540 U.S. 926 (2003).

## ANALYSIS

Claims of ineffective assistance of counsel "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States,* 538 U.S. 500, 504 (2003). Under the law of this Circuit, because counsel is presumed effective, Combs "bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States*

*v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995). To succeed, Combs must show that his counsel's performance fell below an objective standard of reasonableness *and* that his deficient performance so prejudiced his defense that he was deprived of a fair trial. *Id.* (citing *Strickland,* 466 U.S. at 688-94). Stated another way, under the *Strickland* test, the defendant must show that his counsel's actions were not supported by a reasonable strategy, and that the error was prejudicial. *Massaro,* 538 U.S. at 501.

The first prong of the *Strickland* test, classified as the "performance prong," calls for a defendant to direct the Court to specific acts or omissions forming the basis of his claim. *Trevino,* 60 F.3d at 338. The Court then must determine whether, in light of all the circumstances, those acts or omissions fell "outside the wide range of professionally competent assistance." *Id.* While making this assessment, the Court must be mindful of the strong presumption that counsel's performance was reasonable. *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir. 2000). If the defendant satisfies the performance prong, he must then meet the "prejudice prong" of *Strickland.* This requires the defendant to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Emezuo v. United States,* 357 F.3d 703, 707-08 (7th Cir. 2004), *citing Strickland,* 466 U.S. at 694.

I. **Ineffective Assistance Claim for Use of Federal Sentencing Guidelines in Plea Agreement Negotiations**

Combs asserts that counsel's allowance of the government's use of the Guidelines as a starting point in the plea agreement negotiations constituted

ineffective assistance of counsel. He does not further elaborate on this claim and he brings no case law in support of it.

The Sixth Amendment right to effective counsel extends to the plea-bargaining process. *See Lafler v. Cooper*, 556 U.S. 156 (2012). But, as the Supreme Court has pointed out, although the Guidelines are advisory after *United States v. Booker*, 543 U.S. 220 (2005), a district court should "begin all sentencing proceedings using the Guidelines as a starting point and initial benchmark for sentencing proceedings." *Gall v. United States*, 552 U.S. 38 (2007). Under this framework, the negotiations merely followed Court standards and prevalent professional norms. Thus, Combs fails the first prong of the *Strickland* test and his claim lacks merit. No relief is warranted on this basis.

## II. Ineffective Assistance Claim for Allowing a Waiver of Appeal as Part of the Plea Deal

Combs claims counsel's agreement to an appeal waiver clause in his plea agreement constituted ineffective assistance of counsel. Combs argues that counsel's conduct was "unprofessional and prejudicial." He does not further elaborate on this claim and he brings no case law in support of it.

The Seventh Circuit has found that appeal waivers in plea agreements are the "prevailing professional norm." *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000) (upholding voluntary waivers of appeal valid and enforceable). Additionally, Combs' counsel's performance was not deficient, nor unprofessional because "it is well established that a defendant may waive the right to a direct appeal as part of a written plea agreement." *Jones v. U.S.*, 167 F.3d 1142 (7th Cir. 1999); *see also United States v.*

*Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997) ("the right to appeal is a statutory right, and like other rights-even constitutional rights-which a defendant may waive, it can be waived in a plea agreement") (quoting *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), cert. denied, 520 U.S. 1281, (1997). Consequently, Combs fails the first prong of the *Strickland* test and his claim lacks merit. No relief is warranted on this basis.

### III. Ineffective Assistance Claim for Failure to File a Notice of Appeal and Allowing Appeal Waiver

Combs alleges that "[c]ounsel was grossly ineffective for failing to file [his] requested NOTICE OF APPEAL, regardless of the Appeal Waiver in this case" (Doc. 1, p. 13). According to Combs, he "specifically requested his court Appointed Counsel, Mark Byrne, to file a NOA on his behalf" (*Id.*) (internal citation omitted). He claims that "[c]ounsel verbally agreed, but inexplicably failed in his obligatory duty under the Six [sic] Amendment to do so" (*Id.*).

*Strickland* applies to claims of ineffective assistance of counsel where counsel fails to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Where a defendant expressly asks counsel to file an appeal, counsel renders deficient performance for failing to do so even in the presence of a valid appellate waiver. *Garza v. Idaho*, 139 S. Ct. 738, 746–47 (2019). When a defendant instructs his attorney to file an appeal and the attorney fails to so do, prejudice is presumed. *Garza*, 139 S. Ct. at 749–50; *Kafo v. United States,* 467 F.3d 1063, 1069 (7th Cir. 2006). This prejudice cannot be overcome by the likely inevitability of the outcome on appeal because "even the broadest appeal waiver does not deprive a defendant of all appellate claims." *Id.* at

749–50.

Combs has alleged a *prima facie* claim of ineffective assistance of counsel sufficient to warrant an evidentiary hearing. In his petition, Combs contends that he instructed his counsel to appeal, but counsel did not do so (Doc. 1, p. 13). Through the Government, Byrne submitted a sworn statement in response that Combs never asked him to file an appeal (Doc. 13-1). Whether Combs instructed his counsel to appeal is a contested issue of fact and Combs' allegations in this ineffective assistance of counsel claim are "alleg[ed] facts that, if proven would entitle him to relief," and therefore sufficient to justify an evidentiary hearing. *See Martin v. U.S.*, 789 F.3d 703, 706 (7th Cir. 2015); *Sandoval v. U.S.*, 574 F.3d 847 (7th Cir. 2009). The Court therefore **GRANTS** Combs' request for an evidentiary hearing and reserves judgment on Combs' ineffective assistance of counsel claim regarding his counsel's deficiency in filing an appeal.

## Conclusion

For the reasons stated above, the Court **DENIES** Combs' 2255 petition as to his ineffective assistance of counsel claims regarding counsel's allowance of the government's use of the federal sentencing guidelines as a starting point for plea negotiations, as well as allowance of an appeal waiver as part of the plea deal. The Court, however, **GRANTS** Combs' request for an evidentiary hearing which will proceed solely on the issue of whether Combs requested Byrne to file an appeal. The Court may appoint counsel from the CJA panel, depending on Combs' financial eligibility, for that hearing, which will be held at a later date as determined by the Court. *See* Rules Governing § 2255 Cases in the United States District Courts, Rule 8(c). The Court will set the evidentiary hearing by separate order.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012), *quoting Tennard v. Dretke,* 542 U.S. 274, 281 (2004). *See also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

As for his claims of ineffective assistance of counsel for allowing the government's use of the Guidelines as a starting point for plea negotiations as though they were mandatory and allowing an appeal waiver as part of the plea deal, Petitioner has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: July 14, 2021**

> **s/ *Stephen P. McGlynn***
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**